# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case ID: 1211005646A** |
| | ) | |
| **TROY M. DIXON,** | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 7, 2020
Decided: September 4, 2020

**On Defendant's Third Motion for Postconviction Relief. GRANTED in part and DENIED in part.**

On Defendant's Second Motion for Postconviction Relief. **DENIED.**
On Defendant's Motion for Appointment of Counsel. **DENIED AS MOOT.**
On Defendant's Motion for Witness Statements. **DENIED AS MOOT.**
On Defendant's Motion to Compel. **DENIED AS MOOT.**

## ORDER

*Maria T. Knoll, Esquire,* Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

*Troy M. Dixon, pro-se Defendant.* James T. Vaughn Correctional Center 1181 Paddock Road, Smyrna, DE 19977

JONES, F.J.

This 4th day of September, 2020, upon consideration of Defendant's Third Motion for Postconviction Relief, it appears to the Court that:

1.  On January 7, 2013, a grand jury indicted Defendant on charges of Assault First Degree, Possession of a Firearm during the Commission of a Felony

("PFDCF"), Disregarding a Police Officer's Signal, Resisting Arrest, and possession of a Firearm by a Person Prohibited ("PFBPP"). Before trial, Defendant moved to have the charge of PFBPP severed from the remaining charges and tried separately, which the trial court granted. On October 1, 2013, at the first trial, Defendant was convicted of Assault Second Degree (as the lesser include offense of Assault First Degree), PFDCF, and Resisting Arrest. Defendant's conviction was affirmed by the Delaware Supreme Court on direct appeal.[1] On April 7, 2014, at a separate trial for the PFBPP charge, a jury found Defendant guilty as charged. That conviction was also affirmed by the Delaware Supreme Court on direct appeal.[2]

2. On December 2, 2014, Defendant filed his First Motion for Postconviction Relief, in which he made numerous claims stemming from both trials. This Court appointed counsel, Anthony A. Figliola, Jr. Esquire, to represent Defendant for the postconviction proceedings. On September 25, 2015, Defendant's appointed counsel filed an Amended Motion for Postconviction Relief. In the Amended Motion, Defendant's appointed counsel pursued only one claim: that Defendant's trial counsel improperly requested that the Court not give the jury a limiting instruction after the State introduced evidence under D.R.E. 404(b).[3] The Court ultimately denied Defendant's Amended First motion for Post-Conviction Relief because he failed to satisfy either prong of the *Strickland* analysis.[4] The Delaware Supreme Court affirmed this Court's denial.[5]

---

[1] *Dixon v. State*, 2013 WL 4952360 at *1 (Del. Oct. 1, 2014). The Supreme Court rejected Defendant's contentions that the trial court erred when it:
> (i) Allow[ed] two photographic lineups into evidence, (ii) den[ied] a mistrial based on a witness' unsolicited hearsay statement; (iii) admit[ted] evidence of certain events on November 4, 2012 (four days before [Defendant] was arrested) that occurred at the Rebel nightclub and the Thunderguards motorcycle club where [the victim] was shot and killed; and (iv) den[ied] a mistrial after jurors has contact with two trial spectators in and outside of the courthouse.

*Id.*

[2] *Dixon v. State*, 2015 WL 2165387 (Del. May 7, 2015) (rejecting Defendant's contention that the trial court violated Article 1 §8 of the Delaware Constitution when he was found guilty of PFBPP).

[3] At trial, the Court granted Defendant's counsel's request to not give a limiting instruction.

[4] *State v. Dixon*, 2016 WL 5929251 (Del.Super.Ct. Oct. 11, 2016)(rejecting Defendant's claim that his trial counsel's tactical decisions constituted ineffective assistance of counsel).

[5] *State v. Dixon*, 2017 WL 2492565 (Del. June 8, 2017).

3. On November 21, 2018, Defendant filed a Second Motion for Postconviction Relief. In his second Motion, Defendant raised five grounds for postconviction relief.

> Ground one: Newly Discovered Evidence ... Evidence emerged that expert witness [Carl Rone], who was not properly certified in []he relevant area of firearms identification as of trial, was charged, arrested and pled guilty to falsifying work records.
> Ground two: Ineffective Assistance of Postconviction Counsel... Postconviction counsel was ineffective when he failed to argue the ineffectiveness of defendants[sic] trial attorney for failing to properly challenge admissibility of expert witness testimony.
> Ground three: Ineffective Assistance of Postconviction Counsel... Postconviction counsel was ineffective when he failed to argue ineffectiveness of defendants [sic] trial attorney for failing to move to suppress illegal suggestive photo lineup prior to trial.
> Ground four: Ineffective Assistance of Postconviction Counsel... Postconviction counsel was ineffective when he failed to argue ineffective of defendants [sic] trial attorney for failing to appeal defendants [sic] Judgment of Acquittal when defendant was never identified as a suspect, and when [S]tate's only witness to actually see the suspect stated [at]trial [t]hat defendant was in fact no[sic] the shooter.
> Ground five: 14th Amendment Constitutional Due Process... Defendant was denied the Constitutional Protection under [t]he 14th Amendment of the Delaware State Constitution and the United States Federal Constitution when defendant was found guilty of Assault 2nd Degree and Possession of a Firearm during the Commission of a Felon, without proving beyond a reasonable doubt every element of the offence.
>
> ...

4. On June 6, 2019, this Court issued a decision denying Defendant's Second Motion for Postconviction Relief.

5. On November 14, 2019 defendant filed a Notice of Appeal from this Court's June 6, 2019 Decision denying his second motion for post conviction relief. On December 11, 2019 the Supreme Court dismissed

3

Dixon's Appeal as untimely. This Third Motion for Postconviction Relief follows that untimely Appeal.

6. In this Third Appeal for Postconviction relief the defendant alleges ineffective assistance of counsel due to counsel failing to advise the defendant of the Court's June 6, 2019 Decision and failing to file a timely Notice of Appeal of the Court's June 6, 2019 Decision to the Delaware Supreme Court.

7. In considering Defendant's instant motion, the Court asked Defendant's Counsel for the Second Motion For Postconviction Relief to provide the Court with an Affidavit setting forth his position as to Defendant's application. Defense counsel complied with the Court's request. A review of the Affidavit leads this Court to conclude that the Defendant was not made aware of the Court's June 6, 2019 Decision in a timely manner to file an appeal from the Court's June 6, 2019 Decision to the Delaware Supreme Court.

8. Having determined that the Defendant was not made aware of the Court's June 6, 2019 Decision in time to file an appeal from the decision, the question before me is what remedy is available to Defendant. I start from the premise that the Defendant has no conditional right to counsel in postconviction proceedings and nothing in this decision should be read to suggest that such a right exists. *Roger Keith Coleman v. Charles E. Thompson,* 501 U.S. 722, 755 (1991); *John E. Watson, v. State of Delaware,* 2009 WL 2006883 (Del. July 13, 2009). Having said this, it is clear that there was a lack of communication between defense counsel and the Defendant which resulted in the Defendant's inability to appeal the June 6, 2019 Decision. Based on the unique facts of this case, it is clear that the Court must remedy this situation. *Ernest C. Roe v. Flores-Ortega,* 528 U.S. 470 (2000). Therefore, in the interest of justice, this Court's June 6, 2019 Decision be and is hereby vacated. Having vacated the June 6, 2019 Decision, the Court now returns to the Defendant's Second Motion of Postconviction Relief, Defendant's Motion for Appointment of Counsel, Defendant's Motion for Witness Statements and Defendant's Motion to Compel.

4

9. Rule 61 provides the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction...."[6] Rule 61 requires this Court address certain "preliminary considerations" prior to addressing any substantive issues raised in a postconviction motion.[7] Under Rule 61(i)(2), successive motions are barred unless the defendant satisfies the pleading requirements of 61(d)(2). Namely, Defendant must:

> (i) plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in the fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive ... applies to the movant's case and renders the convictions... invalid.[8]

10. Neither exception to subsequent motions applies to grounds two through five of Defendant's current Motion. Defendant states that all the claims, save ground one, were raised in his first Motion for Postconviction Relief, but that his prior postconviction counsel did not argue the claims. As Defendant admits, the substantive arguments were raised in his first postconviction motion. This Court denied Defendant's First Motion for Postconviction Relief, and the Delaware Supreme Court affirmed. Raising the same claims in a subsequent motion does not constitute "new evidence" which would create a strong inference of actual factual innocence. Nor does the claim that prior postconviction counsel was allegedly ineffective by not adequately arguing those claims in Defendant's first motion. Additionally it is clear that there are no grounds for Defendant to claim that new constitutional rules retroactively apply to Defendant's case. As such, grounds two through five are procedurally barred under Rule 61(d).

11. Ground One raises the claim that new evidence regarding the credibility of the State's ballistic expert, Carl Rone, mandates a new trial. Since the discovery of Rone's misconduct, various convicted defendants have sought postconviction relief on the basis of the misconduct and the

---

[6] Del.Super.Ct. Crim.R. 61(a)(1).
[7] Del.Super.Ct. Crim.R. 61(d).
[8] Del.Super.Ct. Crim.R. 61(d)(2)(i)&(ii).

5

credibility issues Rone's misconduct potentially created.[9] In the instant motion, Defendant relies on one such case, the Delaware Supreme Court's decision in *Fowler v. State*. In *Fowler*, the Delaware Supreme Court addressed Rone's newfound credibility issues in conjunction with other significant legal issues. The Defendant in *Fowler* was previously convicted at trial at which Rone testified, and his direct appeal was affirmed. Later, it was discovered that, at Fowler's trial, the State had failed to provide certain *Jencks* materials to defense counsel prior to various witnesses' testimony.

12. This led the Defendant in *Fowler* to file a motion for postconviction relief. The State argued in opposition to this motion that *Jencks* violations were harmless error because Rone's expert testimony was key to Fowler's convictions, not the witnesses' testimony. The Superior Court agreed with the State. While an appeal of the Superior Court's ruling was pending, Rone's misconduct came to light. Upon realizing the credibility issues that Rone's misconduct potentially generated, the State's argument changed. The State contended that Rone's credibility issues were harmless because the witnesses' testimony (the same testimony which the State previously argued was not key) was instead the key to Fowler's conviction. The Delaware Supreme Court rejected the State's argument, and held that because the *Jencks* violations affected the witnesses' testimony, Rone's prior misconduct affected his testimony, and both were integral to Fowler's conviction, a new trial was warranted.[10]

13. In the instant case, Rone's misconduct does not overcome either procedural bar of Rule 61(d), nor does it warrant a new trial. Certainly, "in the most general sense," evidence of Rone's misconduct is "newly discovered" evidence under Rule 61(d)(2)(i).[11] However, Defendant has failed to demonstrate how the new issues of Rone's credibility "ha[ve]

---

[9] *See Fowler v. State*, 194 A.3d 16 (Del. 2018); *Phillips*, 2019 WL 1110900, at *6; *State v. Romeo*, 2019 WL 918578 (Del.Super.Ct., Feb. 21, 2019)(holding that evidence of Rone's credibility issues did not demonstrate an important change in the factual circumstances sufficient to warrant relitigation under Rule 61(i)(4)); *State v. Pierce*, 2019 WL 4771787 (Del.Super.Ct., Oct. 1, 2019) (denying defendant's motion because Rone's relevant participation in defendant's case occurred in 2009, while his misconduct occurred from 2016-2017); *State v. George*, 2018 WL 4482504 (Del.Super.Ct., Sept. 17, 2019) ("Defendant has presented no evidence tending to show that the [2009] trial testimony given by Mr. Rone was in any was false or misleading.")
[10] *See Fowler*, 194 A.3d at 27.
[11] *George*, 2018 WL 4482504, at *3.

created a significant change in the factual circumstances of his case."[12] Unlike *Fowler*, Rone's testimony was not crucial to the State's case against Dixon in the present case. In *Fowler*, all of the key testimony used to convict the Defendant was called into serious doubt for different reasons. In the instant case, by contrast, eye witness testimony identified Defendant as the shooter. Defendant was seen fleeing a vehicle that matched the description of the shooter's vehicle, and Defendant tossed a 9mm handgun away while he attempted to flee from police. Any credibility issues on Rone's part would no effect the reliability of these key pieces of evidence.

14. At the time of Defendant's trial there was no evidence of Rone's misconduct that would have led defense counsel to cross-examine Rone differently. Today, there is still no evidence of misconduct committed by Rone in this case in or before 2013. Nor is there any evidence that Rone did not do the work he testified about at Defendant's trial. Essentially, Defendant is arguing that because "this new evidence has [now] surfaced, Defendant should be given a new trial to investigate whether Rone committed any bad acts dating back to [2013] that would give Defendant a basis to discredit [Rone's] testimony."[13] This argument is unavailing. Motions for postconviction relief are not intended to be "fishing expeditions" into the possible conduct of a witness.[14] Rone's misconduct occurred years after Defendant was charged with crimes, years after Defendant's jury trial, and years after Defendant was convicted. Rone's misconduct and issues of credibility do not create a strong inference that Defendant is actually factually innocent of the crimes charged.

15. Defendant has failed to plead newly discovered evidence that creates a strong inference of actual factual innocence. Nor has Defendant provided a new constitutional rule that applies retroactively to his case. Having failed to overcome either procedural bar under Rule 61(d), Defendant has failed to satisfy his burden on the present Motion.

The Defendant's Third Motion or Post Conviction Relief is GRANTED to the extent that this Court's June 6, 2019 Decision and Order be and is hereby Vacated. The Defendant's Second Motion for Postconviction Relief is DENIED, and

---

[12] *Romeo*, 2019 WL 918578, at *29.
[13] *Phillips*, 2019 WL 1110900, at *6.
[14] *Id.*

7

Defendants Motion for Appointment of Counsel, Defendant's Motion for Witness Statements and Defendant's Motion to Compel are all DENIED as MOOT.

Defendant will now have 30 days to file an appeal of this decision which has directly addressed the issues raised in Defendant's Second Motion. If Defendant does not file an appeal of this decision within 30 days, his appeal will be barred as untimely.

**IT IS SO ORDERED.**

_____
Francis J. Jones, Jr., Judge


cc:    Prothonotary
       Investigative Services